UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GARY CURTIS,

        Petitioner,

v.

PAUL GONYEA, Superintendent, Mohawk
Correctional Facility,

        Respondent.

9:19-CV-1164
(BKS)

---

APPEARANCES:

GARY CURTIS
Petitioner, pro se
16-B-0720
Mohawk Correctional Facility
P.O. Box 8451
Rome, New York 13440

HON. LETITIA JAMES
Attorney for Respondent
New York State Attorney General
The Capitol
Albany, New York 12224

BRENDA K. SANNES
United States District Judge

OF COUNSEL:

MICHELLE MAEROV, ESQ.
Ass't Attorney General

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner Gary Curtis seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Respondent sought, and received, permission to limit his answer to the issue of exhaustion. Dkt. No. 6, Letter Request; Dkt. No. 7, Text Order. Respondent opposed the petition. Dkt. No. 10, Response; Dkt. No. 10-1, Memorandum of Law in Opposition ("Resp. Mem."); Dkt. No. 12-1, State Court Records ("SCR"); Dkt. Nos. 12-

2-12-3, State Court Transcripts. Petitioner did not file a reply.

For the reasons that follow, petitioner's habeas petition is denied and dismissed.

## II.   RELEVANT BACKGROUND

On July 16, 2015, the Onondaga County District Attorney's Office filed an indictment charging petitioner with (1) Predatory Sexual Assault Against a Child; (2) First Degree Criminal Sexual Act; (3) three counts of First Degree Sexual Abuse; and (4) three counts of Endangering the Welfare of a Child. SCR at 10-11.[1] Petitioner "moved for an order dismissing the indictment on the grounds that the evidence before the Grand Jury was not legally sufficient . . . and that the Grand Jury proceedings were defective." *Id.* at 16. On November 20, 2015, petitioner's motion was denied. *Id.*

Petitioner's counsel made a pretrial motion to suppress statements which were made by petitioner to law enforcement. *See* SCR at 17-20 (Onondaga County Court decision denying motion to suppress, dated December 11, 2015). The County Court concluded that petitioner

> appeared to understand the *Miranda* warnings, knowingly waived them, voluntarily agreed to speak with police, and there were no threats or promises made in order to get him to answer questions. [Petitioner] appeared to understand the questions that were asked of him and did not appear at any time to be under the influence of alcohol or drugs . . . [and petitioner] was thereafter cooperative, freely answered the questions asked of him, and at no time requested that the interview be terminated or that he be given an opportunity to speak with an attorney.

*Id.* at 19.

---

[1] Citations to the parties' submissions, with the exception of the State Court Record ("SCR"), refer to the pagination generated by CM/ECF, the Court's electronic filing system. Because the SCR is Bates Stamped and already consecutively paginated, the Court will refer to the Bates Numbering in the bottom of the document.

2

On February 9, 2016, petitioner entered a guilty plea. Dkt. No. 12-3 at 60-68 (transcript of the plea hearing). Petitioner indicated that he understood that by pleading guilty he was giving up his right to a jury trial and the prosecutor being required to present a case proving his guilt beyond a reasonable doubt. *Id.* at 63-64. Petitioner also expressed understanding that he was giving up his right to testify and that he would be pleading guilty to a felony. *Id.* at 64-65. Petitioner stated that he was not under the influence of any drugs or alcohol and was competent to enter a plea before the court. *Id.* at 65. Petitioner indicated that his plea was free and voluntary, without threat or coercion. *Id.* at 65-66. Further, petitioner acknowledged and agreed that "as part of this disposition [he was] also giving up [his right to appeal]," so that to the extent there were "any mistakes, or errors, or omissions made in th[e trial court], they w[ould] not be reviewed by a higher Court[.]" *Id.* at 66.

Petitioner stated that he had enough time to discuss this matter with his counsel and, again, expressed his wish to enter a plea of guilty. Dkt. No. 12-3 at 66. Specifically, the colloquy between the court and petitioner was as follows:

> THE COURT: The second count alleges that on or about March 3rd, 2015 in the City of Syracuse in this County, that you being eighteen years of age or more, specifically forty-five years of age, engaged in oral sexual conduct or anal sexual conduct with a Jane Doe . . . whose true identity is known to the Grand Jury who was less than thirteen years of age, in fact, she was ten years of age, is that true?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: How then do you plead to the felony crime of Criminal Sexual Act in the First Degree in violation of Penal Law Section 130.50 subdivision (4), guilty or not guilty?

3

    [PETITIONER]:       I plead guilty, sir.

*Id.* at 67. On March 1, 2016, petitioner was sentenced to the agreed upon sentence of ten years imprisonment followed by ten years post release supervision. Dkt. No. 12-3 at 78.

Petitioner filed a counseled appeal arguing that he was entitled to relief because (1) the appeal waiver was invalid and (2) his sentence was harsh and severe. SCR at 100-14. On June 29, 2018, the New York State Appellate Division, Fourth Department unanimously affirmed his conviction. *Id.* at 128-29; *accord People v. Curtis*, 162 A.D.3d 1758 (4th Dep't 2018). Specifically, the Fourth Department held that "the record establishes that [petitioner] validly waived his right to appeal [which] . . . forecloses [petitioner's] challenge to the severity of his sentence." SCR at 128.

Petitioner sought leave to appeal arguing that his appeal waiver was invalid. SCR at 130-33. On September 4, 2018, the Court of Appeals denied petitioner's application. *Id.* at 136.

## III.    THE PETITION

Petitioner argues that he is entitled to federal habeas relief because (1) the police unlawfully delayed in arresting him; (2) his constitutional rights were violated when law enforcement failed to provide petitioner with *Miranda* warnings while they were questioning him; (3) his first DNA evidence was wrongfully destroyed; and (4) the DNA evidence which was recovered may have been fraudulent. Pet. at 5, 7, 8, 16-17. The final claim is more difficult to decipher. Petitioner entitles it "My right to appeal" and explains the grounds with a litany of questions including: "Why was I denied[?] What grounds were covered[?] . . . What conclusions were reached? Was it my charge in general? Was it because the supposed

4

DNA match after the second try?" *Id.* at 17.

## IV.  DISCUSSION

Respondent argues that petitioner's claims are unexhausted, defaulted, and meritless. Resp. Mem. at 7-11. The Court agrees. Therefore, petitioner's claims are foreclosed from review and the petition is denied and dismissed.[2]

### A.  Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs petitions for individuals incarcerated for the commission of state crimes who are seeking federal habeas corpus relief.  28 U.S.C. § 2254.  The ADEPA provides that an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii).  "The exhaustion requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]'"  *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

---

[2] Respondent construed petitioner's final claim to assert "that he was deprived of his right to appeal his conviction[.]" Resp. Mem. at 9.  If instead petitioner was attempting to challenge his appeal waiver, such contentions would be procedurally barred.

"[A] waiver of appeal is constitutionally valid [and enforceable] if it is knowingly and voluntarily made." *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004).  Here, petitioner explicitly acknowledged, and agreed to, an independent waiver of appeal, expressing his understanding that if errors were to have occurred during the course of his criminal proceedings he could not then take those errors to a higher court.  SCR at 66.  This fully supports the Fourth Department's ultimate conclusion that "the record establishe[d] that [petitioner] validly waived his right to appeal[.]" *Id.* at 128.  Consequently, and consistent with what "[c]ourts in this circuit have . . . held[,] . . . petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief." *Alvarez v. Yelich*, No. 2:09-CV-1343, 2012 WL 2952412, at *5 (E.D.N.Y. Mar. 31, 2009) (citing cases).  Therefore, to the extent petitioner's claim was actually challenging his appeal waiver, any such claim would also be procedurally barred from habeas review.

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *Fama v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000). In other words, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of his or her claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167, at *5 (N.D.N.Y. Oct. 10, 2007). "[W]hen a 'petitioner fail[s] to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (quoting *Coleman v. Thompson*, 510 U.S. 722, 735 n.1 (1991).

Here, petitioner failed to bring any of these claims in his direct appeal. Instead, he claimed that his appeal waiver was invalid and his sentence was harsh and severe. *See* SCR at 106-09 (first section of appellate brief arguing that "[t]he waiver of appeal was invalid, as the trial court failed to explain that the right to appeal is not automatically forfeited upon a

6

plea of guilty"); *id.* at 110-14 (second section of appellate brief arguing that petitioner's "sentence of 10 years' imprisonment [wa]s harsh and severe").  Accordingly, because these claims were not presented to the state court, they are now unexhausted.  *See Cano v. Walsh*, 170 F. App'x 749, 750 (2d Cir. 2006) ("The claim was not properly presented to the courts of New York because the petitioner never sought leave to appeal to the New York Court of Appeals the decision of the Appellate Division[.]") (citing *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)); *see also Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990) ("Until [petitioner] presents his claim to the highest state court – whether or not it seems likely that he will be held to be procedurally barred – he has not exhausted available state procedures.").

## B.   Procedurally Defaulted Claims

With respect to petitioner's claim that his statements to law enforcement should have been suppressed because he did not receive proper *Miranda* warnings, that claim is procedurally defaulted because petitioner can no longer raise it in any state forum. Petitioner's claim arose from a pretrial suppression motion which was denied; therefore, petitioner's claim originates from the State Court Record.  Petitioner already utilized the direct appeal to which he is entitled; however, he did not include this claim in that appeal.  *See Aparicio v. Artus*, 269 F.3d 78, 91 (2d Cir. 2001) ("Petitioner was entitled to one (and only one) appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals[.]")  Because the claim was reviewable from the record, petitioner cannot now raise it in a motion to vacate the judgment.  *See Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991) (explaining that where "the one request for leave to appeal" was taken and additional

collateral review would be barred because the issues could have been raised on direct appeal, "petitioner no longer has 'remedies available' in the . . . state courts . . . and . . . he had met the statutory exhaustion requirements . . .").

Procedurally defaulted claims are not subject to habeas review unless a petitioner shows cause for the default and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice, i.e., that he or she is actually innocent. *House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014); *see Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.") (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  To establish cause, petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule.  *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *Coleman*, 501 U.S. at 753.  If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated.  *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (referring to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

Here, petitioner does not identify any cause for his default, and he does not argue that he is actually innocent.  Because cause was not established, no discussion of prejudice is necessary.  Thus, there is nothing that can save petitioner's procedurally defaulted claim: habeas relief is precluded.

**C.    Meritless Claims**

However, petitioner may arguably return to state court and file a motion, pursuant to New York Criminal Procedure Law § 440.10, to exhaust the claims that (1) there was an unreasonable delay in his arrest; (2) the first DNA sample was wrongfully destroyed; and (3) the second DNA sample was fraudulent by filing a motion to vacate the judgment, because all of these claims appear to deal with information outside of the state court record.  *See Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 353 (N.D.N.Y. 2013) (explaining that where a petitioner has already used his or her direct appeal, "collateral review of . . . record-based claims is also foreclosed.") (citing N.Y. Crim. Pro. Law § 440.10(2)(c)).  Regardless of petitioner's ability to still adjudicate these claims in an appropriate state court forum, under the AEDPA, a federal habeas court may still deny a claim on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

These claims all relate to events which occurred prior to petitioner entering his guilty plea.  "[I]t is well settled that a guilty plea represents a break in the chain of events which has preceded it in the criminal process and [petitioner] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Williams v. Gonyea*, No. 9:16-CV-0460 (JKS), 2017 WL 4990645, at *5 (N.D.N.Y. Oct. 31, 2017) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)) (quotation marks omitted).  Instead, petitioner is limited to "attack[ing] the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not

9

within acceptable standards." *Id.* (internal quotation marks and citations omitted).³

Therefore, "[b]ecause the events which give rise to th[ese] claim[s of petitioner's arrest and evidence collection] occurred prior to [petitioner's] guilty plea, the claim[s are] foreclosed by the *Tollett* bar." *Williams,* 2017 WL 4990645, at *5; *see also Pena v. Sheahan*, No. 1:15-CV-2455, 2018 WL 3639927, at *15 (S.D.N.Y. June 22, 2018) ("[I]n light of [petitioner's] knowing and voluntary guilty plea, his prosecutorial misconduct claims are irrelevant to the constitutional validity of his conviction and, thus, cannot be the basis for federal habeas review.") (citing *Haring v. Prosise*, 462 U.S. 306, 321 (1983) (explaining that when a petitioner "is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized," as the plea is a break in the chain of events); *United States v. Gregg*, 463 F.3d 160, 164 (2d Cir. 2006) ("a guilty plea . . . conclusively resolves the question of factual guilty supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilty

---

³ While petitioner does not challenge the constitutionality of his guilty plea, any such challenges would be meritless. In order to comply with constitutional due process protections, a guilty plea must be knowing, voluntary and intelligent. *See United States v. Ruiz*, 536 U.S. 622, 628-29 (2002) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Brady v. United States*, 397 U.S. 742, 748 (1970)). In evaluating whether a plea was knowing and voluntary, a court may consider, "among other things, [petitioner's] allocution statements." *Carpenter v. Unger*, 9:10-CV-1240 (GTS/TWD); 9:12-CV-0957 (GTS/TWD), 2014 WL 4105398, at *19 (N.D.N.Y. Aug. 20, 2014); *see also Padilla v. Keane*, 331 F. Supp. 2d 209, 217 (S.D.N.Y. Aug. 19, 2004) ("Where . . . [petitioner] . . . has explicitly stated in his allocution that he fully understands the consequences of his plea and that he has chosen to plead guilty after a thorough consultation with his attorney, a district court on habeas review may rely on [petitioner's] sworn statements and hold him to them.").
  Here, petitioner's sworn testimony in the record indicated that petitioner understood the myriad of trial rights that he was giving up, had adequate time to discuss the offer with his counsel, was voluntarily pleading guilty because he was actually guilty, and that he was satisfied with the representation and counsel which he had received. SCR at 63-67. Rebutting the presumption of validity that accompanies this colloquy between the petitioner and the court requires overcoming a "formidable barrier" which petitioner has failed to do. *Blackledge*, 431 U.S. at 74. Petitioner's testimony indicates that he was informed and explicitly agreed to the present plea. In short, petitioner has offered nothing substantial enough to overturn the presumption that the representations in his plea allocution are valid.

a non-issue[.]"). Thus, petitioner's claims are meritless because they are barred by his guilty plea.

With regard to petitioner's final claim relating to his right to appeal, said claim is, at best, difficult to decipher. Thus, it is unclear whether petitioner would still be permitted to return to state court and commence a collateral attack. Even if he could, petitioner's claim would be denied as meritless for multiple reasons.

First, petitioner did appeal his conviction and received a decision on the merits. SCR at 128. Therefore, any argument that his right to appeal was denied is directly contradicted by the State Court Record.

Second, petitioner's claim fails to identify a constitutional or federal statutory violation. Habeas corpus relief is meant to remedy such wrongs and the resulting consequence of an individual being put "in [state] custody in violation of the Constitutional or laws or treaties of the United States." 28 U.S.C. § 2254. Here, petitioner does not complain of any such violations. Instead, he seeks clarification and an explanation, outside of the written decision, on why the state appellate court made the decision it did. That is not a viable claim nor the sort of relief which this Court can provide; accordingly, the claim is denied.

## V.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the petition (Dkt. No. 1) is **DENIED AND DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. §

2253(c)(2) requires;[4] and it is further

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Dated: August 31, 2020

Brenda K. Sannes
U.S. District Judge

---

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).